FILED

98 DEC -7 AM 8:58

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

DEC 07 1998

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| OTTIE R. NOBLE, | ) |
| Plaintiff, | ) |
| vs. | ) CV 97-BU-2493-M |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Memorandum Opinion

This action has been held in abeyance pending a resolution by the Secretary of Labor ("the Secretary") regarding whether the asserted injuries of the plaintiff, Ottie R. Noble, are covered by the Federal Employees Compensation Act, 5 U.S.C. § 8180 et seq. ("FECA"). The plaintiff filed a motion on November 27, 1998 requesting this court to convene a status conference to address its previous order staying the action. The court concludes that the plaintiff's motion is due to be DENIED, but herein the court further explains what it is requiring of the plaintiff for this action to proceed.

The plaintiff initiated this litigation under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). He alleges that he was a Federal Bureau of Prisons employee who suffered an on-the-job injury to his neck and that the defendant, through the Office of Worker Compensation Employment Programs ("OWCP"), to which the Secretary has delegated responsibility for FECA management, negligently or recklessly failed to approve in a timely manner his claim for workers' compensation benefits under FECA. The plaintiff maintains that the OWCP's delay in approving his claim caused him to postpone corrective spinal surgery, which, he asserts, aggravated his injuries and

thereby caused him to suffer damage in the forms of lost employment, an inability to recover from his spinal condition, and pain and suffering. This court stayed the action on the ground that it found there was "a substantial question of FECA coverage which must be resolved by the Secretary of Labor" and ordered the plaintiff "to file a claim for FECA benefits regarding his claims in this action." (Order of March 19, 1998, Doc. No. 28).

On October 27, 1998, the plaintiff filed a motion to lift the stay, including correspondence from an OWCP Senior Claims Examiner, Jennifer Valdivieso, which, the plaintiff alleged, demonstrated that the OWCP had formally determined that his claims in this action were not covered by FECA. In its order of November 18, 1998, this court declined to lift the stay, pointing out that it did not appear that the plaintiff had pursued an available administrative appeal of the OWCP's decision and thus had not exhausted his administrative remedies. The plaintiff has responded with his instant motion requesting a status conference. In that motion, the plaintiff states that he is "satisfied with" the OWCP's ruling as being "consistent" with his "understanding of the law and the relief to which the plaintiff could receive as a result of prevailing (or not) on a FECA claim." Therefore, he states, he had not intended to pursue the administrative appeal.

This court is still of the opinion that the plaintiff should be required to exhaust his administrative remedies to give the Secretary every opportunity to decide whether or not the aggravation of the plaintiff's injuries caused by a delay in processing his initial workers' compensation claim is itself covered by FECA. The Secretary has the exclusive authority to determine the scope of FECA coverage, 5 U.S.C. § 8128(b); see also Woodruff v. United States Dep't of Labor, Office of Workers Compensation Program, 954 F.2d 634, 637 (11th Cir. 1992), and, given that fact, other courts have noted that a plaintiff pursuing a claim for an injury that might be covered under FECA should "exhaust" their administrative FECA remedies before being permitted to pursue a potentially conflicting claim in federal court. See, e.g., David v. United States, 820 F.2d 1038, 1044 (9th Cir. 1987); Guidry v. United States, 834 F.2d 1465, 1472 n.8 (9th Cir. 1987); Domby v. United States, 1988 WL 34086, **1, 847 F.2d 842 (Fed. Cir. 1988)(table).

But moreover, upon further review of the plaintiff's motion of October 27, 1998 to lift the stay, the court takes the opportunity to state that it does not interpret Ms. Valdivieso's letter as a final determination by the OWCP that the aggravation of the plaintiff's injury is a condition that is not

covered by FECA, which this court has required and will require before the plaintiff is allowed to proceed with his FTCA claims. It is apparent that Ms. Valdivieso's letter shows that the OWCP denied the plaintiff's claim that he is entitled to further compensation under FECA for "physical pain and suffering, loss of income, los of employment, loss of retirement benefits, and loss of quality of life," based upon the aggravation of his initial injury. However, this was because, her letter indicates, the plaintiff has been paid compensation "for total disability for the entire period of his disability and continues to receive [such] compensation to date" and "[t]here are not provisions in [FECA] for monetary payment to employees beyond the total disability rate, which Mr. Noble has already received." In other words, the OWCP denied the plaintiff's claim for additional FECA compensation on the ground that the plaintiff was already receiving the maximum amount of compensation allowed under FECA and was, therefore, not entitled to receive additional compensation over and above the maximum. However, such is not at all the equivalent to a determination by the OWCP that FECA does not cover the aggravation of the plaintiff's on-the-job injury.

As the court explained on page 17 of its memorandum opinion issued contemporaneously with its order of March 3, 1998 in this case, "the Secretary's determination of coverage is distinct from a determination of compensability...." (Emphasis in original). It is entirely possible for the OWCP to deny the plaintiff's claim for additional FECA compensation and still determine that the aggravation of his work-related injury is a condition that is covered by FECA. Indeed, although it is not entirely clear, one might infer from Ms. Valdivieso's letter that the OWCP considers the FECA benefits being paid to the plaintiff already to encompass his entire present physical state, including not only his condition caused by the initial cervical injury suffered on the job but also any subsequent aggravation of that injury caused by the delay in his undergoing surgery. If the Secretary were to determine that such is the case, then he would, in effect, be deeming the aggravation to be covered under FECA, and the aggravation could not be the basis of recovery under the FTCA. In any event, there is certainly nothing in Ms. Valdivieso's correspondence suggesting that the OWCP has expressly either limited the plaintiff's FECA benefits to cover only the conditions caused by the plaintiff's initial injury or excluded the subsequent aggravation of the injury as an injury beyond the scope of FECA coverage.

The plaintiff also seems to suggest that the OWCP determined that his claim for damages to compensate for "pain and suffering, loss of employment, loss of retirement benefits, loss of quality of

life" are outside the scope of "relief" recoverable under FECA. Thus, he appears to imply, his claims are now viable under the FTCA, which might afford such relief. However, a comparison between the statutory benefits afforded under FECA and the damages potentially recoverable under FTCA is irrelevant to the question of which of those two mutually exclusive statutes applies to the plaintiff's claims. See Avasthi v. United States, 608 F.2d 1059, 1060-61 (5th Cir. 1979). The only relevant inquiry is whether FECA covers the aggravation of the plaintiff's work-related injury, as well as the initial injury itself. This is because recovery under FECA for a covered injury is exclusive, and an employee cannot further recover against the United States for the same injury under the FTCA or otherwise. Green v. Hill, 954 F.2d 694, 697, modified on reh'g, 968 F.2d 1098 (11th Cir. 1992).

As the Fifth Circuit Court of Appeals explained in Concordia v. United States, 585 F.2d 731, 732 (5th Cir. 1978), where there is a substantial question of whether a federal employee's injury, which he contends gives rise to FTCA claims, is covered by FECA, "the Secretary must, regardless of whether he ultimately allows the claim [for compensation], determine on its merits whether the FTCA or FECA covers [the plaintiff's] injury." Although the OWCP did deny the plaintiff's claim for additional FECA compensation, there has been no express ruling made on of behalf of the Secretary regarding whether the aggravation of the plaintiff's on-the-job injury, caused by the delay in the plaintiff's undergoing spinal surgery, is itself a condition that is within FECA's coverage. Before the stay will be lifted in this case and the plaintiff permitted to proceed with his FTCA claim, the plaintiff will be ORDERED to obtain an answer to that specific question. The plaintiff's motion for a status conference is due to be DENIED.

DONE and ORDERED this 5th day of December 1998.

H. Dean Buttram, Jr.
United States District Judge